Harper, J.
delivered the opinion of the Court.
There is certainly no exception to the general rule, that a party shall not be a witness in his own cause, in the instance of one who has lost a note or other written instrument. We had occasion to consider the admissibility of such evidence in the case of a lost deed during the last sitting of this Court at this place; in which it was held to be inadmissible. The admission *428 of the evidence was urged on the terms of the act of the Legislature of 1731, on the subject of lost grants and deeds ; but on the general rules of evidence, I am not aware of the slightest authority for the admission of such testimony.
The only argument for its admissibility is the apparent necessity ; as it must often happen that the fact of loss can be known only to the party himself. Yet the danger of admitting it, is, perhaps, more than sufficient to counterbalance the inconvenience. A party disposed to fraud might alter the face of a note, and then let it be seen by witnesses, who would have no motive to scrutinize it closely, and whose recollection of it would not be exact; and then if he could be admitted to prove the loss himself, he might be sure of recovery, without the necessity of subjecting the instrument to the investigation of the Court. Other dangerous consequences might be imagined.
But perhaps the hardship may not be so great a? is supposed. Direct and positive proof is not required to establish this, more than any other fact: it may be made out by circumstances. If the existence and contents of the note are proved, and it appeared, that no demand had been made of the maker for a long time after the note had become due, this might be enough to satisfy a jury of its loss. It might be a difficult subject of proof, to show that no demand had been made of the maker; but this difficulty could not arise in a case like the present, where the proceeding is under the summary process jurisdiction, and the defendant might be required to answer interrogatories. But undoubtedly Chancery is the best jurisdiction to be resorted to in such cases. The defendant may be called upon to answer as to the execution and contents of the instrument, and whether he has been called upon for payment. Though the rules of evidence are the same in both Courts, yet as it is in the power of the Court of Equity to order the defendant to be indemnified, before he shall be compelled to pay the money, that Court may very properly be satisfied with testimony less full and complete. That Court may retain the cause for the purpose of ascertaining whether a demand will be made of the maker. I should say, that if the execution and contents of the note be admitted, or satisfactorily established, and the time of payment has long elapsed, without any demand being made on the maker, and the complainant offers in demnity, the Court will presume the loss and give relief. It af *429 fords an additional security to the defendant, that by the practice of Chancery, if relief is sought, the complainant must annex to his bill an affidavit of the loss. 1
The case of Walmsley v. Child, 1 Ves. Sen. 341, was one of a bill to recover the money due on lost notes, without giving security to indemnify. There was no proof of the loss, except that several years had elapsed without any demand being-made on the maker ; and it was insisted, that so long a time had elapsed, and the improbability of their ever being presented was so great, that the defendant was not intitled to security. Lord Hardwicke seems to. have felt no difficulty, except from the circumstance of relief’s being demanded without an offer of indemnity; and on that ground he decreed, that the plaintiff must either establish her demand at law, or have her bill dismissed. He cites the case of Teresy v. Gory, Easter, 28 C. 2, “ where a bill of exchange was drawn on the defendant, and indorsed in the third place to the plaintiff, by whom the bill was either lost or mislaid, as appeared by the affidavit annexed, and the bill prayed, that the defendant might be decreed to pay the plaintiff the money, as last indorsee, according to the acceptance; the plaintiff first giving security to save the defendant harmless against all former assignments ; which was so decreed, but without damages and costs.” 1 Ves. Sen. 345. 1 haye no doubt but that in all cases in which relief ought to be had, it may be had in Chancery; and there is little hardship in being driven to that court for relief, as the act of the Legislature has given it a summary jurisdiction, in which the costs do not much exceed those of proceedings at law.
The motion for a new trial is therefore granted.